Filed 9/25/24  P. v. Fauolo CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>TAISIA PETE FAUOLO, III,<br><br>    Defendant and Appellant. | A168797<br><br>(San Mateo County Super. Ct. No. 18NF004967A) |

In 2019, defendant Taisia Fauolo was convicted of assault with a semi-automatic firearm and being a felon in possession of a firearm, and in 2021 was sentenced to 19 years in state prison, a sentence that included a four-year firearm enhancement and a three-year great bodily injury enhancement. Fauolo appealed, arguing only that he was entitled to resentencing under changes to the law effective January 1, 2022 and requiring that the lower term be imposed if the defendant's youth was a contributing factor to the offense, unless the court found that aggravating circumstances outweighed the mitigating circumstances and that imposition of the lower term would be contrary to the interests of justice.  We agreed, vacated Fauolo's sentence, and remanded for resentencing.  In April 2023, the trial court declined to reduce Fauolo's sentence, reimposing the original sentence of 19 years. Fauolo has again appealed, arguing that he was entitled to have either the

1

firearm enhancement or the great bodily injury enhancement dismissed under changes to the law effected by Senate Bill No. 81, effective January 1, 2022. We affirm.

## BACKGROUND

As we explained the history of this case in our first opinion on direct appeal:

"On November 5, 2019, Fauolo was convicted by a jury of assault with a semi-automatic firearm (Pen. Code, § 245, subd. (b))[1] (count 2) and being a felon in possession of a firearm (§ 29820, subd. (b)) (count 6). The jury also found true enhancements as to count 2: the personal use of a firearm (§ 12022.5, subd. (a)) and personal infliction of great bodily injury (§ 12022.7, subd. (a)). The trial court also found true the allegation that Fauolo had a prior serious or violent felony conviction.[2] (§§ 667, subds. (b)–(j), 1170.12.)

"On August 12, 2020, the court sentenced Fauolo to a total term of 24 years in state prison, calculated as follows: the middle term of six years on count 2, doubled pursuant to section 1170.12, subdivision (c)(1), plus the middle term of four years for the firearm enhancement, a three-year term for the great bodily injury enhancement, and a five-year term for the prior serious felony enhancement. The court also imposed, and stayed, a prison term of 16 months on count 6. [¶] . . . [¶]

"On April 23, 2021, the court resentenced Fauolo and dismissed the prior serious felony enhancement on count 2 on the ground it was based on a nonqualifying prior juvenile adjudication. The court vacated the original sentence and imposed a new sentence of 19 years in state prison on count 2,

[1] "Undesignated statutory references are to the Penal Code."

[2] Because the underlying facts of Fauolo's offenses are not relevant to the single issue on appeal, we omit any discussion of them.

2

calculated in the same manner as the original sentence, less the five-year term for the prior juvenile adjudication.  As to count 6, the court imposed, and stayed, a prison term of four years." (*People v. Fauolo* (July 13, 2022, A162252) [nonpub. opn], pp. 1–2.)

Fauolo appealed, with his opening brief filed January 12, 2022. Effective January 1, 2022, section 1170 had been amended to provide that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:  [¶] . . . [¶]  (B)  The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." (§ 1170, subd. (b)(6); Stats. 2021, ch. 731, § 1.3.)  "A 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed." (§ 1016.7, subd. (b).)  Because the parties agreed that "Fauolo was under the age of 26 when he committed the underlying offenses; and the court did not consider whether Fauolo's youth was a contributing factor to the commission of the offenses when it imposed the middle term on both the aggravated assault and firearm enhancement on count 2," we vacated the sentence and remanded for resentencing under the amended version of section 1170. (*People v. Fauolo, supra*, A162252, p. 3.)

On remand, defense counsel filed a short sentencing brief arguing that because Fauolo was 21 years old at the time of the offense, the court should impose the lower term on count 2, the lower term on the section 12022.5 enhancement, and three years on the section 12022.7 enhancement, for a total sentence of 12 years.  The prosecution filed a brief arguing that there were aggravating factors sufficient to "overcome any mitigating factors

3

attributable to [Fauolo's] youth," and requesting that the court leave the sentence at 19 years.

On April 11, 2023, a full resentencing hearing was held, at which defense counsel argued that the trial court did not consider Fauolo's youth at the time of the original sentencing and submitted on his brief. At the conclusion of the hearing, the trial court concluded that the seriousness and sophistication of the offense outweighed the mitigating factor of Fauolo's youth, and reimposed the original 19-year sentence.

Fauolo filed a notice of appeal.

## DISCUSSION

Fauolo argues that the trial court was required to dismiss either the four year section 12022.5 enhancement or the three year section 12022.7 enhancement under Senate Bill No. 81, effective January 1, 2022, which added subdivision (c) to section 1385. (Stats. 2021, ch. 721, §1.) Section 1385, subdivision (c)(1) now provides "[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute," and section 1385, subdivision (c)(2) now provides in relevant part:

"In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. . . . [¶] . . . [¶]

"(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed."

The Attorney General argues that Fauolo's argument has been forfeited by his failure to raise it below. We agree.[3]

Fauolo's resentencing took place on April 11, 2023, over 15 months after the effective date of Senate Bill No. 81. Defense counsel's sentencing memorandum, filed on January 11, 2023, made no mention of section 1385 or Senate Bill No. 81, and neither section 1385 nor Senate Bill No. 81 was mentioned at all at the resentencing hearing. Fauolo offers no explanation for his failure to ask the trial court to strike either of the enhancements at issue under Senate Bill No. 81, and because he did not file a reply brief in this appeal, he offers no direct response to the Attorney General's forfeiture argument.

---

[3] In addition, although the Attorney General does not so argue, Fauolo's argument would appear to be waived by his failure to raise it in his first appeal. "[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538 (*Senior*).) This waiver rule applies where "(1) the issue was ripe for decision by the appellate court at the time of the previous appeal; (2) there has been no significant change in the underlying facts or applicable law; and (3) the defendant has offered no reasonable justification for the delay." (*Ibid.*; see *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1143 [*Senior*'s "waiver rule applies even if the earlier appeal resulted in a remand for resentencing, provided the defect that the defendant is challenging in the subsequent appeal was also present in the original sentence"].) The 19-year sentence that Fauolo now challenges, including the two enhancements he now contends cannot be imposed together, was first imposed on April 23, 2021. And Senate Bill No. 81 was signed into law on October 8, 2021 and, as noted, became effective on January 1, 2022. Fauolo filed his opening brief in his first appeal (*People v. Fauolo, supra*, A162252) 11 days later, on January 12, a brief that made no mention of the changes made to section 1385 by Senate Bill No. 81. Fauolo has not acknowledged, much less offered any justification for, this delay of over two years in raising his argument regarding Senate Bill No. 81.

5

Our colleagues in Division Five recently found forfeiture under similar circumstances in *People v. Coleman* (2024) 98 Cal.App.5th 709 (*Coleman*). There, the defendant's sentence included a 25-year-to-life firearm enhancement (§ 12022.53, subd. (d)) and a five-year prior serious felony enhancement (§ 667, subd. (a)(1)) and, as here, defendant argued for the first time on appeal that the language of section 1385, subdivision (c)(2)(B) required the trial court to dismiss one or the other enhancement. (*Coleman*, at p. 723.) Because defendant was sentenced over four months after the effective date of Senate Bill No. 81, but defense counsel did not file a sentencing brief in the trial court or mention either section 1385 or Senate Bill No. 81 at sentencing, *Coleman* found the argument forfeited:

"Under section 1385, a defendant 'ha[s] the right to "invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading" . . . .' (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) However, 'any failure on the part of a defendant to invite the court to dismiss under section 1385 . . . waives or forfeits his right to raise the issue on appeal.' (*Id*. at pp. 375–376.) Defendant's claim is forfeited for failure to request that the trial court strike the enhancements under section 1385." (*Coleman*, *supra*, 98 Cal.App.5th at p. 724.)

Anticipating the Attorney General's forfeiture argument, Fauolo's opening brief acknowledges that he did not object below to the imposition of multiple sentence enhancements under section 1385, subdivision (c)(2)(B), but argues that such objection was not required because a sentence imposing multiple enhancements was "unauthorized" under *People v. Scott* (1994) 9 Cal.4th 331 (*Scott*).

"[T]he 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and

6

preserved by the parties are reviewable on appeal." (*Scott*, *supra*, 9 Cal.4th at p. 354.) "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing." (*Ibid.*) "[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*Id.* at p. 356, see *id.* at pp. 354–355.) This rule applies not only to cases in which the trial court failed to give any reasons, but also those in which the court "misweighed the various factors, or cited insufficient, duplicative, or inapplicable reasons in support of its sentencing choices." (*Id.* at p. 353, fn. 16, see *id.* at pp. 354–355; accord, *People v. Scott* (2015) 61 Cal.4th 363, 406.) "Strong policy reasons support this rule: 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) "A party cannot argue [on appeal that the trial] court erred in failing to conduct an analysis it was not asked to conduct." (*People v. Partida* (2005) 37 Cal.4th 428, 435.)

Fauolo argues, based on the use of "shall" in section 1385, subdivision (c)(2)(B), that dismissal of all but one enhancement is mandatory in every case in which multiple enhancements are alleged, even where such dismissal would endanger public safety, and therefore that his sentence imposing multiple enhancements is "unauthorized" under *Scott*. The Courts of Appeal have repeatedly and consistently rejected this interpretation. We have ourselves rejected the same argument with respect to the similar use of

"shall" in section 1385, subdivision (c)(2)(C).[4] (See *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 18–21.) Every other case of which we are aware is in accord. (See *People v. Mazur* (2023) 97 Cal.App.5th 438, 445 ["even when a [section 1385, ]subdivision (c)(2)(B) or (C) mitigating circumstance applies, the statute only requires the court to give it 'great weight' in making a discretionary determination whether dismissal is in furtherance of justice"]; *id.* at pp. 444–447, review granted Feb. 14, 2024, S283229; *People v. Cota* (2023) 97 Cal.App.5th 318, 335–340 [court has discretion to decline to dismiss enhancements under § 1385, subd. (c)(2)(B) where doing so would endanger public safety]; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 295–298 [same conclusion under § 1385, subd. (c)(2)(C)]; *People v. Anderson* (2023) 88 Cal.App.5th 233, 240 ["dismissal *shall* occur [under § 1385, subds. (c)(2)(B) and (C)] but only *if*, in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety"]; *id.* at pp. 238–241, review granted Apr. 19, 2023, S278786; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1289–1290 [mitigating circumstances in § 1385, subds. (c)(2)(B) and (C) "do not require dismissal of enhancements where dismissal would endanger public safety"]; *id.* at pp. 1284–1290; *People v. Walker* (2022) 86 Cal.App.5th 386, 396 ["the phrase 'all enhancements beyond a single enhancement shall be dismissed' in subdivision (c)(2)(B) [of section 1385] does not obligate trial courts to

---

[4] "The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed." (§ 1385, subd. (c)(2)(C).)

automatically dismiss all but one enhancement"]; *id.* at pp. 396–399, review granted, Mar. 22, 2023, S278309[5].)

[5] Our Supreme Court granted review in *People v. Walker*, *supra*, 86 Cal.App.5th 386, to consider the following issue: "Does the amendment to Penal Code section 1385, subdivision (c) that requires trial courts to 'afford great weight' to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?" (*People v. Walker* (2023) 305 Cal.Rptr.3d 665 [525 P.3d 639].)

On August 15, 2024, after the respondent's brief was filed, our Supreme Court decided *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*), resolving the conflict between *People v. Walker*, *supra*, 86 Cal.App.5th 386 and *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098, review granted April 12, 2023, S278894 (*Ortiz*), and concluding that "the plain language of section 1385, subdivision (c)(2) contemplates that a trial court will exercise its sentencing discretion in a manner consistent with the *Ortiz* court's understanding. Specifically, absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present. (See *Ortiz*, *supra*, 87 Cal.App.5th at p. 1098, review granted.) In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' (*Ibid.*)" (*Walker*, *supra*, 16 Cal.5th at p. 1029.)

In *Walker*, the trial court declined to dismiss one of two five-year enhancements despite the mitigating circumstances that multiple enhancements were alleged (§ 1385, subd. (c)(2)(B)) and one such enhancement was based on a prior conviction over five years old (§ 1385, subd. (c)(2)(H)), finding that it would not be in the interest of justice to do so. (*Walker*, *supra*, 16 Cal.5th at pp. 1030–1031.) However, our Supreme Court noted that "[d]efendant does not make any assertion, nor did he before the Court of Appeal, that [section 1385,] subdivision (c)(2)(B)'s 'shall be dismissed' language entitles that mitigating circumstance to a different construction than the others, and we have no occasion to consider that question here." (*Walker*, *supra*, 16 Cal.5th p. 1035, fn. 5.)

Based on the above, we conclude that the trial court had discretion to decline to strike both the enhancements at issue. Accordingly, Fauolo's sentence was not "unauthorized" within the meaning of *Scott, supra*, 9 Cal.4th 331, and he has therefore forfeited his argument regarding Senate Bill No. 81 by failing to raise it below.

## DISPOSITION

The judgment is affirmed.

RICHMAN, J.

WE CONCUR:

STEWART, P. J.
DESAUTELS, J.

*People v. Fauolo* (A168797)